UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY; COMMITTEE TO PROTECT JOURNALISTS, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; PUBLIC INTEREST DECLASSIFICATION BOARD, <br><br> Defendants. | Civil Action No. 1:22-cv-09096 (AKH) |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1.      This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the immediate release of records from the Office of the Director of National Intelligence ("ODNI"), and the Public Interest Declassification Board ("PIDB") concerning the killing of Jamal Khashoggi—a journalist, a U.S. resident, and a prominent critic of Saudi Arabia.

2.      Khashoggi was killed after entering the Saudi consulate in Istanbul on October 2, 2018. According to news reports and intelligence assessments conducted by the U.S. government, he was killed by Saudi agents with the approval of Saudi Crown Prince Mohammed Bin Salman. Although the U.S. government released redacted versions of two of its intelligence assessments in 2021, it continues to withhold as classified a full intelligence report, as well as much of the evidence gathered during its investigation.

3.      In September 2020, Senator Chris Murphy asked the PIDB to review an ODNI intelligence report on the killing of Khashoggi and decide whether to recommend to President

Biden that it be declassified. The PIDB is a panel of experts established by Congress to advise the President on the declassification of U.S. national security records, for the purpose of ensuring the fullest possible public access to those records.

4. At the time of Senator Murphy's request, the ODNI report was being withheld from the public in its entirety. In March 2021, before the PIDB conducted its review, the report was declassified in part. The government continued to withhold substantial portions of it.

5. As it later explained to Senator Murphy, the PIDB met in November 2021, and "perform[ed] a detailed review" of the report, "with an eye towards achieving maximum public release of the information while protecting Intelligence Community equities." This review included meeting with the ODNI's Chairman of the National Intelligence Council and its Chief of Information Management, who "provided background on the underlying intelligence used to create the [report] and other contextual information to aid the PIDB."

6. In June 2022, the PIDB informed Senator Murphy that it had completed its review of the report and had voted unanimously to recommend to the President that the report "be declassified in its entirety."

7. Despite the PIDB's unanimous recommendation, President Biden has not declassified the full report.

8. To obtain the records related to the killing of Jamal Khashoggi that the PIDB recommended be declassified, Plaintiffs the Knight First Amendment Institute at Columbia University (the "Knight Institute") and the Committee to Protect Journalists ("CPJ") (together, "Plaintiffs") submitted FOIA requests on October 6, 2022 to the ODNI and PIDB.

9. Plaintiffs bring this action because Defendants have not granted their request for expedited processing, and Defendants have failed to make all records responsive to the requests

promptly available. Plaintiffs seek the injunctive relief necessary to ensure Defendants' timely compliance with FOIA's requirements.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 1331.

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

12. The Knight First Amendment Institute at Columbia University is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2).

13. The Committee to Protect Journalists is an independent, nonprofit organization that promotes press freedom worldwide. CPJ defends the right of journalists to report the news without fear of reprisal. CPJ regularly publishes news articles and special reports on journalists who are attacked, imprisoned, or killed. CPJ is a "person" within the meaning of 5 U.S.C. §551(2).

14. Defendant ODNI is an "agency" within the meaning of 5 U.S.C. § 552(f). The ODNI has possession and control over some or all of the requested records.

15. Defendant PIDB is an "agency" within the meaning of 5 U.S.C. § 552(f). The PIDB has possession and control over some or all of the requested records.

## FACTUAL ALLEGATIONS

### *The FOIA Requests*

16. On October 6, 2022, Plaintiffs submitted identical FOIA requests to the ODNI and PIDB seeking records "related to the killing of Jamal Khashoggi, including a report the Public Interest Declassification Board recommended that President Biden declassify in its entirety."[1]

17. Specifically, the requests seek the following documents:

   a. All records related to the killing of Jamal Khashoggi that the Public Interest Declassification Board ("PIDB") recommended be declassified.

   b. All correspondence in which the PIDB concluded or recommended that records related to the killing of Jamal Khashoggi should be declassified.

18. The Knight Institute requested expedited processing of the requests on the ground that there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

19. The Knight Institute also requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is a "representative of the news

---

[1] A true and correct copy of Plaintiffs' FOIA request is attached hereto as Exhibit A.

media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

## *Agency Responses*

20. By letter dated October 14, 2022, the ODNI acknowledged receipt of Plaintiffs' FOIA request and assigned it reference number DF-2023-00008. The ODNI denied the Knight Institute's request for expedited processing, asserting that "the ODNI standards for expedited processing established in 32 CFR 1700.12 have not been met." The ODNI did, however, grant the Knight Institute's request for a fee waiver.

21. Under FOIA, the ODNI had twenty working days after receiving Plaintiffs' request to "determine . . . whether to comply" with it, and to notify Plaintiffs of that determination and "the reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i).

22. By the date of this filing, more than twenty working days have passed since the ODNI received Plaintiffs' request, and ODNI has not released any responsive records or adequately explained its failure to do so.

23. By email dated October 14, 2022, the PIDB acknowledged receipt of the FOIA request and assigned it reference number PIDB23-001. The PIDB neither granted nor denied the Knight Institute's request for expedited processing and a fee waiver.

24. Due to a claim of "unusual circumstances" under FOIA, the PIDB had thirty working days after receiving Plaintiffs' request to determine whether to comply, and to notify Plaintiffs of that determination and the reasons therefore. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B).

25. Within that time limit, the PIDB informed Plaintiffs that it had identified six responsive records, and the PIDB released three of them in full.

26. To date, the PIDB has not released the remaining responsive records it has identified or adequately explained its failure to do so.

27. Plaintiffs have exhausted all applicable administrative remedies because Defendants have failed to comply with the statutory time limits for determining whether to comply with the requests.

28. Defendants continue to wrongfully withhold requested records from Plaintiffs.

## CAUSES OF ACTION

29. Defendants' failure to grant the Knight Institute's requests for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

30. Defendants' failure to process Plaintiffs' requests as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

31. Defendants' failure to make and communicate to Plaintiffs a determination whether to comply with the requests within the statutory time limits violates 5 U.S.C. § 552(a)(6)(A)(i), and Defendants' corresponding regulations.

32. Defendants' failure to make all records responsive to the requests promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and Defendants' corresponding regulations.

## PRAYER FOR RELIEF

Plaintiffs respectfully requests that this Court:

A. Order Defendants to conduct a thorough search for records responsive to Plaintiffs' requests;

B. Order Defendants to immediately process and release any responsive records;

C. Award Plaintiffs their reasonable costs and attorneys' fees incurred in this action; and

D.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*s/ Scott Wilkens*

Scott Wilkens (5886395)
Alexia Ramirez (5752621)
Alex Abdo (AA-0527)
Jameel Jaffer (JJ-4653)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

December 7, 2022

*Counsel for Plaintiffs*