AMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:   SARAH S. NORMAND
      PETER ARONOFF
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY and
COMMITTEE TO PROTECT JOURNALISTS,

                Plaintiffs,

       -v-

OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE and PUBLIC INTEREST
DECLASSIFICATION BOARD,

                Defendants.

22 Civ. 9096 (AKH)

**ANSWER**

---

      Defendants the Office of the Director of National Intelligence ("ODNI") and Public Interest Declassification Board ("PIDB," and together with ODNI, "defendants" or the "government"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answer the amended complaint (the "AC") under the Freedom of Information Act ("FOIA") of plaintiffs The Knight First Amendment Institute at Columbia University and Committee to Protect Journalists, upon information and belief as follows. The government specifically denies each and every allegation of the AC not otherwise expressly

admitted, qualified, or denied in this Answer. Moreover, to the extent that the AC refers to or quotes from external documents, statutes, or other sources, the government may refer to such materials for their accurate and complete contents; however, the government's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. The government answers as follows:

INTRODUCTION[1]

1.      Paragraph 1 contains legal conclusions and a description of this action, to which no response is required.

2.      The allegations in the first and second sentences of paragraph 2 concern alleged facts that are not material to the claims or defenses in this FOIA action, to which no response is required. The second sentence refers to unspecified "news reports and intelligence assessments"; such documents are the best evidence of their own contents. The third sentence is vague and ambiguous, and the government denies the allegations on this ground, except admits that in 2021, ODNI publicly released two documents related to the Khashoggi killing: a memorandum prepared in February 2020 (the "2020 NICM") by the National Intelligence Council, a component of ODNI, which was released in response to a separate FOIA request with certain redactions of information that is exempt from disclosure under one or more FOIA exemptions; and a report entitled "Assessing the Saudi Government's Role in the Killing of Jamal Khashoggi," which was declassified and publicly released by the Director of National Intelligence in February 2021, and is available at

---

[1] Headings from the Complaint are included only for ease of reference. By including them, the government does not admit the accuracy of the headings.

https://www.dni.gov/files/ODNI/documents/assessments/Assessment-Saudi-Gov-Role-in-JK-Death-20210226v2.pdf.

3. The allegations of the first sentence of paragraph 3 appear to summarize a letter from Senator Murphy to the PIDB; that document is the best evidence of its own contents. The government denies the allegations of the second sentence, except admits and avers that the PIDB, among other things, advises the President of the United States regarding issues pertaining to national classification and declassification policy, and has the official mandate of promoting the fullest possible public access to a thorough, accurate, and reliable documentary record of significant U.S. national security decisions and activities.

4. The government admits that the 2020 NICM initially was classified in full and accordingly not made public. The government admits the allegations of the second and third sentences.

5. The allegations of paragraph 5 consist of a summary of a letter from the PIDB to Senator Murphy, which is the best evidence of its own contents.

6. The allegations of paragraph 6 consist of a summary of a letter from the PIDB to Senator Murphy, which is the best evidence of its own contents.

7. The government admits that the 2020 NICM remains classified in part.

8. The allegations of paragraph 8 provide plaintiffs' account of the reasons for making their FOIA request, to which no response is required.

9. The allegations of paragraph 9 provide plaintiffs' account of the reasons for bringing this litigation, to which no response is required.

## JURISDICTION AND VENUE

10. Paragraph 10 consists of legal conclusions regarding jurisdiction, to which no response is required.

11. Paragraph 11 consists of legal conclusions regarding venue, to which no response is required.

## PARTIES

12. The government denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations of the first two sentences of paragraph 12. The last sentence of paragraph 12 consists of a legal conclusion, as to which no response is required.

13. The government denies knowledge or information sufficient to form a belief about the truth or falsity of the allegations of the first three sentences of paragraph 13. The last sentence of paragraph 13 consists of a legal conclusion, as to which no response is required.

14. The government admits the allegations of the first sentence of paragraph 14. The second sentence consists of a legal conclusion, which does not require a response.

15. The government admits the allegations of the first sentence of paragraph 15. The second sentence consists of legal conclusions, as to which no response is required.

## FACTUAL ALLEGATIONS

16. Paragraph 16 (other than the footnote) consists of a summary of a document (plaintiffs' FOIA request), which is the best evidence of its own contents. With respect to the footnote, the government admits that Exhibit A is a true and correct copy of the FOIA request.

17. Paragraph 17 consists in substance of a quotation of a document (plaintiffs' FOIA request), which is the best evidence of its own contents.

18. Paragraph 18 consists of a description of a document (plaintiffs' FOIA request), which is the best evidence of its own contents.

19.     Paragraph 19 consists of a description of a document (plaintiffs' FOIA request), which is the best evidence of its own contents.

## AGENCY RESPONSES

20.     The government admits the allegations of paragraph 20.

21.     The allegations of paragraph 21 consist of legal conclusions, which do not require a response.

22.     The government admits only that ODNI has not released records in response to the request, and avers that ODNI has completed a consultation request from the PIDB regarding an identical and duplicative FOIA request to the PIDB. The remaining allegations of paragraph 22 consist of legal conclusions, which do not require a response.  To the extent a response is required, the remaining allegations in paragraph 22 are denied.

23.     The government admits the allegations of paragraph 23.

24.     The government admits the allegations of paragraph 24.

25.     The government admits the allegations of paragraph 25, but avers that it has subsequently determined that only five responsive records exist in total.

26.     The government denies the allegations of paragraph 26, and avers that the PIDB explained that it had referred the remaining responsive records to ODNI for consultation.

27.     The allegations of paragraph 27 consist of legal conclusions, which do not require a response. To the extent a response is required, the government denies the allegations, and avers that the PIDB and ODNI are diligently processing the FOIA request to the PIDB and that the identical and duplicative FOIA request to ODNI serves no purpose.

28.     The government denies the allegations of paragraph 28.

## CAUSES OF ACTION

29. The allegations of paragraph 29 consist of legal conclusions as to which no response is required. To the extent a response is required, the government denies the allegations.

30. The allegations of paragraph 30 consist of legal conclusions as to which no response is required. To the extent a response is required, the government denies the allegations.

31. The allegations of paragraph 31 consist of legal conclusions as to which no response is required. To the extent a response is required, the government denies the allegations.

32. The allegations of paragraph 32 consist of legal conclusions as to which no response is required. To the extent a response is required, the government denies the allegations.

## PRAYER FOR RELIEF

The paragraphs marked A through D contain plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, the government denies that plaintiffs is entitled to the relief it seeks or to any relief.

## **DEFENSES**

For further defenses, the government alleges as follows:

### **FIRST DEFENSE**

Plaintiff's complaint should be dismissed in whole or in part to the extent it fails to state a claim on which relief may be granted.

### **SECOND DEFENSE**

Some or all of the requested records or information are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### FOURTH DEFENSE

Plaintiffs are not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

### FIFTH DEFENSE

Plaintiffs are not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

### SIXTH DEFENSE

Plaintiffs' claim for expedited processing is moot.

### SEVENTH DEFENSE

This litigation was brought before plaintiffs exhausted their administrative remedies. 5 U.S.C. §§ 552(a)(6)(A), (C).

The government may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, the government reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the government respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of the government; and (3) grant such further relief as the Court deems just and proper.

Dated: December 21, 2022
       New York, New York

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: */s/ Peter Aronoff*
SARAH S. NORMAND
PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov

*Counsel for defendants*